# Exhibit C-1



Pennzoil Place
700 Milam Street, Suite 2700
Houston, Texas 77002-2806
Main 713.222.1470
Fax 713.222.1475
munsch.com

Direct Dial 713.222.4060
Direct Fax 713.222.5813
dpipitone@munsch.com

March 9, 2017

*Via Electronic Mail*

Richard Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

Andrew Dunlap
Fibich Leebron Copeland Briggs & Josephson LLP
1150 Bissonnet Street
Houston, TX 77005
adunlap@fibichlaw.com

    Re:    **NOTICE:** Of intent to file petition with the United States District Court seeking to enforce May 11, 2015 Arbitration Agreement between Nathan Arrambide and Priority Well Testing, LLC (arbitration claim 01-16-003-0824)

Messrs. Burch and Dunlap,

    As you know, Priority Well Testing, LLC ("Priority") and Nathan Arrambide ("Arrambide") entered into an employment agreement on May 11, 2015 ("Agreement") under which Arrambide agreed to arbitrate claims "arising . . . in any way from . . . [his] employment" with Priority.[1] The parties further agreed that they would share all costs of arbitration.

    On July 14, 2016, Priority filed a Motion to Compel Arbitration and Stay Proceedings seeking to remove Arrambide's and other Plaintiffs' claims to arbitration pursuant to the terms of the Agreement. On July 28, 2016, Arrambide and other plaintiffs filed an Agreement to Arbitrate, and Motion to Dismiss, Certain Plaintiffs, ("Motion to Dismiss") including Arrambide. In the Motion to Dismiss, Arrambide did not raise an issue with any of the terms of the Agreement. On December 2, 2016, the Magistrate Judge recommended that the Court compel Arrambide and other Plaintiffs to arbitration. On January 3, 2017, the Court adopted the Magistrate's Report and Recommendation. **At no stage of the proceedings did Arrambide or any other Plaintiff challenge the Agreement regarding the sharing of arbitration costs.**

    On July 28, 2016, the AAA unilaterally set aside the applicable provision of the Agreement and determined that Priority, not Arrambide, would bear the burden of paying all but $200.00 of the fees

---

[1]   *See May 11, 2015 Employment Agreement, signed by Nathan Arrambide, attached hereto as **Exhibit A**.*

4816-2204-1413v.1

and costs associated with arbitration. Indeed, to date, Priority has been billed a total of $16,550.00 for this arbitration—despite the clear terms of the Agreement. Kindly consider this correspondence as notice, required pursuant to Section 4 of the Federal Arbitration Act, that Priority intends to petition the Court to enforce all terms of the Agreement. Priority has offered, and once again offers, to allow Arrambide to rejoin the litigation if he perceives the costs associated with him being required to proceed to arbitration too onerous.

We will file our Motion to Enforce the Arbitration Agreement, pursuant to 9 U.S.C. § 4, at **5:00 PM on Tuesday, March 14, 2017,** unless you contact me by that date with an agreement concerning arbitration costs in accordance with the provisions of the Agreement, or in order to dismiss Arrambide's claim for arbitration and rejoin the collective action lawsuit styled *Matthews, individually and on behalf of all others similarly situated v. Priority Energy Services, LLC, et al.*, No. 6:15-cv-448-RWS-KNM, in the United States District Court for the Eastern District of Texas, Tyler Division.

Best regards,

Daniel D. Pipitone

DDP:blh

cc: AAA Mary Jara <AAAMaryJara@adr.org>; exsec@brucknerburch.com; Matt Parmet <mparmet@brucknerburch.com>; Mirna Estopier <mestopier@fibichlaw.com>; Liliana Landaverde <llandaverde@fibichlaw.com>; Michael Josephson <mjosephson@fibichlaw.com>; rexsec@brucknerburch.com; Robbins, Andrew <arobbins@munsch.com>; McNeil, Lindsay <lmcneil@munsch.com>; Harvey, Michael A. <mharvey@munsch.com>; Hill, Brenna <bhill@munsch.com>; Bernal, Crissy <cbernal@munsch.com>; Trevino, Gabby <gtrevino@munsch.com>; Londa, Jeffrey C. <Jeff.Londa@ogletree.com>

4816-2204-1413v.1

# EXHIBIT A

6769667v.1



# EMPLOYMENT AGREEMENT

As a condition of my employment with Priority Well Testing, LLC (the "Company"), I, NathanArrambide, and the Company hereby agree as follows:

1. **"At-Will" Employment.** My employment with the Company is for an unspecified duration and constitutes "at-will" employment. "At-will employment" means my employment relationship may be terminated at any time, with or without good cause or for any or no cause, at the option either of the Company or myself, with or without notice.

2. **Compensation.** As consideration for all services and all hours of service I perform for the Company, I hereby acknowledge and agree that I am receiving a base hourly rate of $13.10. I understand that my hourly rate includes additional compensation for work related use of my Phone. I understand that if the items mentioned are no longer available for company use that my base hourly rate may be adjusted. I further understand and agree that my hourly rate is intended to compensate me for "straight time" pay for all hours and that I am only entitled to an additional half-time pay for any hours worked above forty (40) hours in a workweek.

3. **Confidentiality.**

   (a) I acknowledge that, in the course of performing and fulfilling my duties hereunder, I may have access to and be entrusted with nonpublic information belonging to, developed by, licensed by, or otherwise in the possession of, Company or its clients. To protect such information, I agree that I will not, directly or indirectly, in one or a series of transactions, disclose to any person, or use or otherwise exploit for my own benefit or for the benefit of anyone other than Company, any Confidential Information, as defined below. I shall have no obligation hereunder to keep confidential any Confidential Information if and to the extent disclosure of any part thereof is specifically required by law; provided, however, that in the event such disclosure is required by applicable law, I shall provide Company with prompt notice of such requirement, prior to making any disclosure, so that Company may seek an appropriate protective order. At the request of Company, I agree to deliver to Company, at any time during the term of my employment, or thereafter, all Confidential Information which I may possess or control. I agree that all Confidential Information (whether now or hereafter existing) conceived, discovered or made by me during my term of employment constitutes a work-for-hire and exclusively belongs to Company. I will not, during my employment with the Company, improperly obtain, use or disclose any proprietary information or trade secrets of any former employer.

   (b) **"Confidential Information"** means any of the Company's confidential information including, without limitation, any information, processes, plans, data calculations, software storage media or other compilation of information, patent, patent application, copyright, "know-how," trade secrets, customer lists, details of client or consultant contracts, pricing policies, operational methods, marketing plans or strategies, product development techniques or plans, business acquisition plans, any portion or phase of any scientific or technical information, ideas, discoveries, designs, inventions, creative works, computer programs (including source of object codes), formulae, improvements or other proprietary or intellectual property of the Company, whether written or tangible form, and whether registered or labeled as confidential, and including all

Page | 1

Employee's Initial  NA
Date: 3/11/15



files, records, manuals, books, catalogues, memoranda, notes, summaries, plans, reports, records, documents and other evidence thereof, but Confidential Information shall not, however, include information that I can prove I received from a third party not otherwise subject to any restriction on disclosing such information. Information that is or later becomes publicly available in a manner wholly unrelated to any breach of this Agreement by Employee shall cease to be considered Confidential Information

4. I understand that to ensure accurate and timely pay that I am responsible for utilizing the time tracking system of my location. I understand that failure to clock in and out each day and for lunch can lead to disciplinary action up to and including termination.

5. **Return of Property.** Upon termination of my employment with the Company, I will return to the Company any and all uniforms, tools, devices, telephones, computers, records, data, notes, reports, proposals, lists, correspondence, specifications, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with the Company or otherwise belonging to the Company or its affiliates.

6. **Modification and Waiver.** No provision in this Agreement shall be modified, waived or discharged unless the modification, waiver or discharge is agreed to in writing, specifying such modification, waiver or discharge, and signed by an authorized officer of the Company. No waiver by any party of any breach of, or compliance with, any condition or provision of this Agreement by another party shall be considered a waiver of any other condition or provision or of the same condition or provision at another time.

7. **Controlling Law.** This Agreement will be governed by the laws of the state of Texas.

8. **Complete Agreement.** This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter covered by this Agreement and supersedes all prior agreements regarding such subject matter. This Agreement may only be amended upon written consent signed by both me and the Company. If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect. This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors and its assigns.

9. **Non-Disparagement.** I agree not to make any defamatory statements or allegations about the Company and its affiliates to any governmental agency or any person or entity, including defamatory comments about the reputations of the Company or its affiliates. Nothing in this Agreement shall be construed as prohibiting any party from making (i) any statement or disclosure as may be required by law or regulation, (ii) disclosure to its legal counsel, accountants and financial advisors, or (iii) any statement to an employee of the Company or any of its affiliates that, when viewed objectively, does not seek to harm the business reputation of the Company or any of its affiliates.

10. **Arbitration and Waiver of Class Claims.** I agree that any claims or disputes of any sort whether arising in the past, present or future between the Company and me and/or Company's employees, directors, parents, subsidiaries, affiliates, agents or representative (collectively,

Page | 2

Employee's Initial A/A
Date: 5/11/15



"Company Parties") arising in any way from this Agreement or my employment with the Company shall be resolved exclusively through binding arbitration under the Federal Arbitration Act and the pertinent American Arbitration Association Rules in effect at that time. Any such claims or disputes must be arbitrated on an individual basis, and neither you nor the Company Parties may proceed with any such claims or disputes as a class representative or participant in a class or collective action, or in combination with any other person or entity's claims or disputes. The arbitrator shall issue a reasoned award and shall not award relief in a form or amount that exceeds that available under applicable law. The parties shall split all costs of arbitration, subject to the ability of the arbitrator to reapportion costs of arbitration, attorneys' fees and expert witness fees in the award.

11. **Survival**. Upon the expiration or termination of this Agreement, the provisions of Sections 3 through 5 and Sections 7 through 11 shall survive any such expiration or termination.

Notice shall be provided as follows:

If to Company:

Priority Well Testing, LLC

681 River Highland Blvd

Covington, LA 70433

If to Employee:

_____

_____

_____

IN WITNESS WHEREOF, the parties have executed this Employment Agreement on the day, month and year first set forth below.

Date: 5/11, 2015.

"Company" and "Company Parties"
By: _____
Name: Allen Childers
Date: 5-11-15
Company Representative Witness
By: Amanda Hernandez
Name: Amanda Hernandez
Date: 5/11/15

"Employee"
By: _____
Name: Nathan Arrambide
Date: 5/11/15
Human Resource Representative
By: _____
Name: Roxanne Peters
Date: 5-11-15

Page | 3

Employee's Initial /A
Date: 5/11/15