# Exhibit D



# Employment Due Process Protocol

The following protocol is offered by the undersigned individuals, members of the Task Force on Alternative Dispute Resolution in Employment, as a means of providing due process in the resolution by mediation and binding arbitration of employment disputes involving statutory rights. The signatories were designated by their respective organizations, but the protocol reflects their personal views and should not be construed as representing the policy of the designating organizations.

## Genesis

This Task Force was created by individuals from diverse organizations involved in labor and employment law to examine questions of due process arising out of the use of mediation and arbitration for resolving employment disputes. In this protocol we confine ourselves to statutory disputes.

The members of the Task Force felt that mediation and arbitration of statutory disputes conducted under proper due process safeguards should be encouraged in order to provide expeditious, accessible, inexpensive and fair private enforcement of statutory employment disputes for the 100,000,000 members of the workforce who might not otherwise have ready, effective access to administrative or judicial relief. They also hope that such a system will serve to reduce the delays which now arise out of the huge backlog of cases pending before administrative agencies and courts and that it will help forestall an even greater number of such cases.

## A. Pre or Post Dispute Arbitration

The Task Force recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes. It did not achieve consensus on this difficult issue. The views in this spectrum are set forth randomly, as follows:

Employers should be able to create mediation and/or arbitration systems to resolve statutory claims, but any agreement to mediate and/or arbitrate disputes should be informed, voluntary, and not a condition of initial or continued employment.

Employers should have the right to insist on an agreement to mediate and/or arbitrate statutory disputes as a condition of initial or continued employment.

Postponing such an agreement until a dispute actually arises, when there will likely exist a stronger re-disposition to litigate, will result in very few agreements to mediate and/or arbitrate, thus negating the likelihood of effectively utilizing alternative dispute resolution and overcoming the problems of administrative and judicial delays which now plague the system.

Employees should not be permitted to waive their right to judicial relief of statutory claims arising out of the employment relationship for any reason.



Employers should be able to create mediation and/or arbitration systems to resolve statutory claims, but the decision to mediate and/or arbitrate individual cases should not be made until after the dispute arises.

The Task Force takes no position on the timing of agreements to mediate and/or arbitrate statutory employment disputes, though it agrees that such agreements be knowingly made. The focus of this protocol is on standards of exemplary due process.

## B. Right of Representation

### 1. Choice of Representative

Employees considering the use of or, in fact, utilizing mediation and/or arbitration procedures should have the right to be represented by a spokesperson of their own choosing. The mediation and arbitration procedure should so specify and should include reference to institutions which might offer assistance, such as bar associations, legal service associations, civil rights organizations, trade unions, etc.

### 2. Fees for Representation

The amount and method of payment for representation should be determined between the claimant and the representative. We recommend, however, a number of existing systems which provide employer reimbursement of at least a portion of the employee's attorney fees, especially for lower paid employees. The arbitrator should have the authority to provide for fee reimbursement, in whole or in part, as part of the remedy in accordance with applicable law or in the interests of justice.

### 3. Access to Information

One of the advantages of arbitration is that there is usually less time and money spent in pre-trial discovery. Adequate but limited pre-trial discovery is to be encouraged and employees should have access to all information reasonably relevant to mediation and/or arbitration of their claims. The employees' representative should also have reasonable pre-hearing and hearing access to all such information and documentation.

Necessary pre-hearing depositions consistent with the expedited nature of arbitration should be available. We also recommend that prior to selection of an arbitrator, each side should be provided with the names, addresses and phone numbers of the representatives of the parties in that arbitrator's six most recent cases to aid them in selection.

## C. Mediator and Arbitrator Qualification

### 1. Roster Membership

Mediators and arbitrators selected for such cases should have skill in the conduct of hearings, knowledge of the statutory issues at stake in the dispute, and familiarity with the workplace and employment environment. The roster of available



mediators and arbitrators should be established on a non-discriminatory basis, diverse by gender, ethnicity, background, experience, etc. to satisfy the parties that their interest and objectives will be respected and fully considered.

Our recommendation is for selection of impartial arbitrators and mediators. We recognize the right of employers and employees to jointly select as mediator and/or arbitrator one in whom both parties have requisite trust, even though not possessing the qualifications here recommended, as most promising to bring finality and to withstand judicial scrutiny. The existing cadre of labor and employment mediators and arbitrators, some lawyers, some not, although skilled in conducting hearings and familiar with the employment milieu is unlikely, without special training, to consistently possess knowledge of the statutory environment in which these disputes arise and of the characteristics of the non-union workplace.

There is a manifest need for mediators and arbitrators with expertise in statutory requirements in the employment field who may, without special training, lack experience in the employment area and in the conduct of arbitration hearings and mediation sessions. Reexamination of rostering eligibility by designating agencies, such as the American Arbitration Association®, may permit the expedited inclusion in the pool of this most valuable source of expertise.

The roster of arbitrators and mediators should contain representatives with all such skills in order to meet the diverse needs of this caseload.

Regardless of their prior experience, mediators and arbitrators on the roster must be independent of bias toward either party. They should reject cases if they believe the procedure lacks requisite due process.

## 2. Training

The creation of a roster containing the foregoing qualifications dictates the development of a training program to educate existing and potential labor and employment mediators and arbitrators as to the statutes, including substantive, procedural and remedial issues to be confronted and to train experts in the statutes as to employer procedures governing the employment relationship as well as due process and fairness in the conduct and control of arbitration hearings and mediation sessions.

Training in the statutory issues should be provided by the government agencies, bar associations, academic institutions, etc., administered perhaps by the designating agency, such as the AAA®, at various locations throughout the country. Such training should be updated periodically and be required of all mediators and arbitrators. Training in the conduct of mediation and arbitration could be provided by a mentoring program with experienced panelists.

Successful completion of such training would be reflected in the resume or panel cards of the arbitrators supplied to the parties for their selection process.



### 3. Panel Selection

Upon request of the parties, the designating agency should utilize a list procedure such as that of the AAA or select a panel composed of an odd number of mediators and arbitrators from its roster or pool. The panel cards for such individuals should be submitted to the parties for their perusal prior to alternate striking of the names on the list, resulting in the designation of the remaining mediator and/or arbitrator.

The selection process could empower the designating agency to appoint a mediator and/or arbitrator if the striking procedure is unacceptable or unsuccessful. As noted above, subject to the consent of the parties, the designating agency should provide the names of the parties and their representatives in recent cases decided by the listed arbitrators.

### 4. Conflicts of Interest

The mediator and arbitrator for a case has a duty to disclose any relationship which might reasonably constitute or be perceived as a conflict of interest. The designated mediator and/or arbitrator should be required to sign an oath provided by the designating agency, if any, affirming the absence of such present or preexisting ties.

### 5. Authority of the Arbitrator

The arbitrator should be bound by applicable agreements, statutes, regulations and rules of procedure of the designating agency, including the authority to determine the time and place of the hearing, permit reasonable discovery, issue subpoenas, decide arbitrability issues, preserve order and privacy in the hearings, rule on evidentiary matters, determine the close of the hearing and procedures for post-hearing submissions, and issue an award resolving the submitted dispute.

The arbitrator should be empowered to award whatever relief would be available in court under the law. The arbitrator should issue an opinion and award setting forth a summary of the issues, including the type(s) of dispute(s), the damages and/or other relief requested and awarded, a statement of any other issues resolved, and a statement regarding the disposition of any statutory claim(s).

### 6. Compensation of the Mediator and Arbitrator

Impartiality is best assured by the parties sharing the fees and expenses of the mediator and arbitrator. In cases where the economic condition of a party does not permit equal sharing, the parties should make mutually acceptable arrangements to achieve that goal if at all possible. In the absence of such agreement, the arbitrator should determine allocation of fees. The designating agency, by negotiating the parties' share of costs and collecting such fees, might be able to reduce the bias potential of disparate contributions by forwarding payment to the mediator and/or arbitrator without disclosing the parties' share therein.

AMERICAN ARBITRATION ASSOCIATION®

## D. Scope of Review

The arbitrator's award should be final and binding and the scope of review should be limited.

Dated: May 9, 1995

### Signatories

**Christopher A. Barreca,** *Co-Chair*
Partner
Paul, Hastings, Janofsky & Walker
Rep., Council of Labor & Employment Section
American Bar Association

**Max Zimny,** *Co-Chair*
General Counsel, International
Ladies' Garment Workers' Union Association
Rep., Council of Labor & Employment Section
American Bar Association

**Arnold Zack, Co-Chair**
President, Nat. Academy of Arbitrators

**Carl E. VerBeek**
Management Co-Chair Union Co-Chair
Partner
Varnum Riddering Schmidt & Howlett
Arbitration Committee of Labor & Employment Section
ABA

**Robert D. Manning**
Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C.
Union Co-Chair
Arbitration Committee of Labor & Employment Section
ABA

**Charles F. Ipavec, Arbitrator**
Neutral Co-Chair
Arbitration Committee of Labor & Employment Section, ABA

**George H. Friedman**
Senior Vice President
American Arbitration Association

**Michael F. Hoellering**
General Counsel
American Arbitration Association

**W. Bruce Newman**
Rep., Society of Professionals in Dispute Resolution

**Wilma Liebman**
Special Assistant to the Director Federal Mediation & Conciliation

**Joseph Garrison, President**
National Employment Lawyers Association

**Lewis Maltby**
Director, Workplace Rights Project
American Civil Liberties Union