UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEVEN MATTHEWS, Individually and On Behalf of Others Similarly Situated, | Case No.: 6:15-cv-00448-MHS Collective Action |
| v. | JUDGE MICHAEL H. SCHNEIDER |
| PRIORITY ENERGY SERVICES, LLC. | MAG. JUDGE K. NICOLE MITCHELL |

**NON-PARTY CLAIMANTS' RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT & RECOMMENDATION**

Magistrate Judge Mitchell got it right: Priority can't back out of the arbitrations it forced its workers into by pretending a disagreement about the interpretation of the arbitration agreement (that it drafted and imposed on its workers) is an issue of "contract formation." *See* ECF No. 128 at 6-7. Priority insisted, in this very Court, that it had an arbitration agreement requiring arbitration of "**any claims or disputes of any sort** … **arising in any way from** [Priority's] Agreement." ECF No. 54 at 2 (emphasis in original); ECF No. 128 at 2. Only after it started losing in arbitration did Priority claim: (1) the interpretation of its arbitration agreement was an issue for the Court, not the arbitrators; and (2) that if the Court disagreed with its interpretation of its arbitration agreement (as the arbitrators have), the Court should vacate the order compelling arbitration (the order Priority itself requested). Judge Mitchell correctly held that Fifth Circuit precedent forecloses Priority's efforts to avoid arbitration. *See* ECF No. 128, *passim.*

Priority does not mention it, but 28 U.S.C. § 636 and Rule 72 establish different standards of review for the appeal of a magistrate's rulings. A *de novo* standard applies to dispositive motions, while non-dispositive motions are subject to the "highly deferential standard" of "clearly erroneous or contrary to law." *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013). The Fifth Circuit has not determined the appropriate standard for reviewing a magistrate's

ruling on motions to compel arbitration. *Lee v. Plantation of Louisiana, LLC*, 454 Fed.Appx. 358, 360 (5th Cir. 2011) (recognizing, but not deciding, the issue). Most courts, however, have concluded that a ruling on a motion to compel arbitration is a non-dispositive ruling. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13–15 (1st Cir. 2010); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 Fed.Appx. 131, 134–35 (3d Cir. 2014); *Tige Boats, Inc. v. Interplastic Corp.*, No. 1:15-CV-0114-P-BL, 2015 WL 9268423, at *1–3 (N.D. Tex. Dec. 21, 2015) (non-dispositive unless a dismissal is ordered). Because the clearly erroneous standard is appropriate, the "Court need not apply the more stringent review merely because the Magistrate Judge issued a recommendation." *Adams v. Energy Transfer Partners*, No. 2:16-CV-400, 2017 WL 2347425, at *1 (S.D. Tex. May 30, 2017) (citations omitted). However, even under a *de novo* review, Judge Mitchell's analysis should stand.

To begin, Judge Mitchell explains in detail why Priority failed to establish that a dispute regarding the interpretation of the agreement goes to whether the agreement was formed. *See* ECF No. 128 at 3-5. She noted Priority even failed to provide "case law on the basic principles of contract formation." *Id.* at 4 & n. 3. Further, Judge Mitchell explained why Texas law (the law that applies here) establishes that an agreement exists. *Id.* at 5.

Judge Mitchell's opinion also details why Priority long after-the-fact objection to the AAA's allocation of costs raises an issue of contract interpretation (not formation). *See* ECF No. 128 at 5. And she is dead on in describing why such an issue must go to the arbitrators (not the Court). *Id.* at 5-7. Where—as here—the "parties expressly incorporated into their arbitration agreement the AAA Rules[,]" this is "clear and unmistakable evidence" that those rules govern who decides what issues under the agreement. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *see also,* AAA Employment Arbitration Rules and Mediation Procedures (AAA Employment

Rules) at Rule 1, p. 15.[1] Thus, as Judge Mitchell noted, any disputes regarding the "<u>existence</u>, scope, or validity of the arbitration agreement" are for the arbitrators, not for this Court. *See* ECF No. 128 at 6 (quoting the AAA Employment Rules). Because Priority must resolve any dispute "of any sort … arising in any way from" its arbitration agreement in arbitration, Priority's motion must be denied. *Id.* at 2 (quoting Priority's arbitration agreement).

Even if Priority hadn't assigned issues of substantively arbitrability to the arbitrator (and it did), arbitration would still be the forum for addressing the allocation of arbitration costs. Priority demanded, and got, an agreement and order compelling arbitration. *See* ECF No. 87 at 4. Thus, the "only question is whether the instant dispute falls within the agreement to arbitrate." *Dealer Computer Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009). "In determining whether a dispute falls within the agreement to arbitrate, the Supreme Court has decided that, absent an agreement to the contrary, the parties intend that the arbitrator, not the courts, should decide certain procedural questions which grow out of the dispute and bear on its final disposition." *Id.* (citing *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002).

"Payment of fees is a procedural condition precedent that the trial court should not review." *Dealer Computer Servs., Inc.*, 588 F.3d at 887. In fact, the AAA Employment Rules specifically address how costs of arbitration will be allocated, how disputes regarding the allocation will be resolved (the AAA Employment Rules control if there is a conflict), and who will resolve the disputes regarding this issue (the AAA initially and, if still disputed, the arbitrator). *See* AAA Employment Rules at 31-32; ECF No. 128 at 6-7. Priority cannot avoid arbitration simply because it doesn't like how the

---

[1] Available at: https://www.adr.org/aaa/ShowPDF?doc=ADRSTG_004366

arbitration decisions are coming out. In short, Priority's "remedy lies with the arbitrators"—not this Court. *Dealer Computer Servs., Inc.*, 588 F.3d at at 888.[2]

Priority's remaining "incorporated objections" are sufficiently addressed by Plaintiffs' briefing to Judge Mitchell (ECF No. 115), Priority's own motion to compel arbitration (ECF No. 54), and/or Judge Mitchell's ruling (ECF No. 135). The substance of these arguments are incorporated by reference to the extent necessary.

Long before Priority started trying to avoid it arbitration agreements, everyone agreed there was a valid agreement to arbitrate. *See* ECF No. 87; ECF No. 128 at 6-7. Priority cannot avoid arbitration by claiming it did not understand the terms of the agreement it drafted, required its employees to agree to, and asked this Court to enforce. Priority's objections should be overruled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mparmet@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

---

[2] While "the solution may not be totally satisfactory, but it preserves the flexibility and discretion in the hands of the arbitrators, a policy end the FAA favors." *Id.* at 888.

CERTIFICATE OF SERVICE

I served this document by ECF electronic filing on September 29, 2017.

**/s/ Rex Burch**
_____
Richard J. (Rex) Burch