IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVEN MATTHEWS | § § | |
| v. | § § | CASE NO. 6:15-CV-448 |
| PRIORITY ENERGY SERVICES, LLC, *et al.* | § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this matter, has been presented for consideration. The Report and Recommendation recommends that Defendants' Motion to Enforce Arbitration Agreement as Written or to Vacate Order Compelling Arbitration (Docket No. 110) be denied. Defendants filed written objections to the Report and Recommendation (Docket No. 136), and Plaintiff filed a response (Docket No. 139).

Previously, the Court granted Defendants' motion to compel arbitration for the employees who signed an employment contract that contains an arbitration provision. Docket No. 95. Defendants now seek to vacate the order compelling arbitration because of a dispute concerning apportionment of the arbitration fees. Docket No. 110. The arbitration agreement at issue states that "[t]he parties shall split all costs of arbitration, subject to the ability of the arbitrator to reapportion costs of arbitration, attorneys' fees and expert witness fees in the award." Docket No. 54-1 at 5. The arbitrator, however, is applying the employer-promulgated plan from the fee

schedule contained in the American Arbitration Association ("AAA") Rules, which places a majority of the expenses on the employer as opposed to the employee. Docket No. 110-2. The arbitration agreement at issue incorporates by reference the AAA Employment Rules in effect at the time of the agreement. Docket No. 54-1 at 5.

In their written objections, Defendants re-assert the same arguments that were raised in their briefing and at the hearing before the magistrate judge. These arguments were fully considered and analyzed in the Report and Recommendation. Contrary to the assertion made by Defendants when they initially sought to compel arbitration, Defendants now argue that the arbitration agreement is unenforceable because there was no meeting of the minds on cost allocation. As explained in the Report and Recommendation, however, there has been no showing that the parties failed to mutually assent to the terms of the agreement. Rather, the objective actions of the parties show an offer, acceptance, and mutual assent to the terms of the contract. *See Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W. 3d 68, 76 (Tex.App.—Houston [14th Dist.] 2010, pet. denied).

Instead, Defendants dispute the arbitrator's interpretation of the agreement. The arbitrator is empowered by the AAA Employment Rules, incorporated by reference into the arbitration agreement, to "rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." *See* Employment Arbitration Rules and Mediation Procedures at Rule 6(a) (https://www.adr.org/sites/default/files/ Employment%20Rules.pdf). The AAA Employment Rules additionally provide that "[i]f a party establishes that an adverse material inconsistency exists between the arbitration agreement and [the AAA] rules, the arbitrator shall apply [the AAA] rules." *Id.* at Rule 1. Where, as here, the parties expressly incorporate the AAA Rules into their arbitration

agreement, there is "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012).  The AAA Employment Rules provide that the arbitrator is to resolve the present dispute concerning the allocation of fees.

Having made a *de novo* review of the written objections filed by Defendants in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.  It is therefore

**ORDERED** that the objections are **OVERRULED** and the Report and Recommendation (Docket No. 128) is **ADOPTED.**  Defendants' Motion to Enforce Arbitration Agreement as Written or to Vacate Order Compelling Arbitration (Docket No. 110) is **DENIED**.

**SIGNED this 7th day of December, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE